## Commonwealth v. Kline

*Edwin W. Tompkins,* district attorney, for Commonwealth.

*John D. Gresimer* of *Rydesky & Gresimer,* for defendant.

HIPPLE, P. J., May 16, 1942.—Defendant has presented a petition praying for his discharge from custody and for a dismissal of the above case, substantially for the reasons that the transcript of the justice of the peace does not show that defendant entered a plea of guilty or not guilty to the charge of assault and battery; that the transcript does not show that defendant

was held for court or was discharged, or that any action was taken by the justice of the peace as required by law; and that the transcript does not show that a full hearing was had by the justice.

Upon an information made by Ida Kline, wife of defendant, charging defendant with the offense of assault and battery on November 29, 1941, a warrant was issued by George F. Gallaher, justice of the peace, of Emporium Borough, on December 1, 1941, and on December 2, 1941, defendant voluntarily appeared and entered bail for a hearing, which was fixed for December 9, 1941.

Defendant contends that the proceedings before the justice of the peace did not comply with the Act of May 27, 1919, P. L. 306, sec. 1, 19 PS §21, which provides that ". . . in all cases of prosecutions for assault or assault and battery, the alderman, justice of the peace, or magistrate, before whom such case is instituted, shall, before he binds any person so charged over to the court of quarter sessions upon the oath of any complainant, enter into a full hearing and investigation of the facts charged, and shall only bind over the defendant to the said court when he is satisfied from the evidence that the prosecution is reasonably well founded."

In the case of Commonwealth v. Mainieri, 21 Luzerne Leg. Reg. 107, Judge Strauss held, referring to this act, that "This is a mandatory requirement imposed upon all justices and aldermen in prosecutions for assault, and was undoubtedly intended by the Legislature to relieve the courts from many trifling prosecutions. It is not within the power of either the prosecutor or the defendant to waive this requirement. It is the duty of the alderman to obey the law and to send no case into court until he is satisfied from the evidence that the prosecution is reasonably well founded."

From an examination of the transcript filed in this case it appears that on December 9, 1941, both Ida

Kline, prosecutrix, and Merle Kline, defendant, appeared before the justice of the peace; neither of them apparently had any witnesses, but both the prosecutrix and defendant were sworn and testified. After this hearing the decision of the justice was reserved to December 12, 1941, in what appeared to be an effort amicably to adjust the differences between these parties. On December 12, 1941, defendant and prosecutrix appeared before the justice, but "Not yet having adjusted their differences the case is continued to December 20, 1941." On December 20, 1941, defendant and prosecutrix again appeared before the justice, "and requiring more time the case is continued to December 27, 1941, at 1:30 p.m."

On December 27, 1941, the parties appeared before the justice and the transcript states that "No amicable adjustment yet made and justice refuses to continue the case, after hearing defendant required to give bail in the sum of $500 conditioned for his appearance at the next term of court."

While the transcript is not as full in its particulars as it might well be, yet it appears: (1) That a hearing was had at which both the prosecutrix and defendant testified; (2) that an effort was made by the justice to effect a settlement between the parties, the matter being continued on three different occasions for such purpose over a period from December 9, 1941, to December 27, 1941. While the justice does not state in his transcript that he is satisfied from the evidence that the prosecution is reasonably well founded, yet after hearing the testimony of the prosecutrix and defendant, and after attempting to effect a settlement between the parties, the justice required defendant to give bail in the sum of $500 conditioned for his appearance at the following term of court of quarter sessions of the peace.

It is not necessary that the transcript show whether petitioner entered a plea of guilty or not guilty to this

charge. Evidently he took the position that he was not guilty because he was sworn and testified, but the transcript does show that defendant was held for court because he was required to give bail for his appearance thereat.

The reason that the transcript does not show a full hearing was had, we think is satisfactorily answered by the facts above stated with reference to the testimony of the prosecutrix and defendant which was taken before the justice and by the various continuances which afforded the parties an opportunity to adjust their differences.

We regard the record and transcript in this case as self-sustaining, and therefore refuse to dismiss the proceedings and discharge defendant from custody.

And now, May 16, 1942, the petition of Merle Kline, defendant, to be discharged from custody and to dismiss the above proceeding is hereby refused.